MITCHELL SHAPIRO AND IRIS H. SHAPIRO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shapiro v. Commissioner
Docket No. 5098-90
United States Tax Court
T.C. Memo 1991-197; 1991 Tax Ct. Memo LEXIS 220; 61 T.C.M. (CCH) 2537; T.C.M. (RIA) 91197; May 2, 1991, Filed *220 Robert S. Schriebman, for the petitioners. Patrick W. Lucas, for the respondent. FAY, Judge. NAMEROFF, Special Trial Judge. FAY
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on the parties' cross-motions to dismiss for lack of jurisdiction. The parties have elected to proceed with this case on the basis of the stipulation of facts plus written statements submitted pursuant to Rule 50(c). On July 1, 1988, respondent mailed a notice of deficiency to petitioners in which he determined a deficiency in petitioners' Federal *221 income tax for the taxable year 1982 in the amount of $ 45,001 plus additions to tax under the provisions of section 6653(a)(1) in the amount of $ 2,250.05, section 6653(a)(2) in the amount of 50 percent of the interest on the deficiency, and section 6659 in the amount of $ 13,500.30. The notice of deficiency was addressed to petitioners at 18960 Buckskin Circle, Yorba Linda, California 92686 (the Buckskin address). The petition, filed on March 20, 1990, was clearly filed more than 90 days after the mailing of the notice of deficiency and hence was untimely. Petitioners contend that the notice of deficiency was not sent to petitioners' last known address. Accordingly, if we decide that the petition was sent to the last known address, we must grant respondent's motion to dismiss on the grounds of an untimely petition. On the other hand, if we decide that the notice of deficiency was not sent to petitioners' last known address, the notice of deficiency was invalid, and we will dismiss this case for want of jurisdiction. At the time petitioners filed their 1982 joint Federal income tax return they resided at 3404 Buckingham Road, Chino, California (the Buckingham address). Petitioners *222 subsequently moved from the Buckingham address to the Buckskin address. Petitioners filed their joint Federal income tax return for the taxable year 1986 with respondent's Fresno service center on August 17, 1987. The 1986 return showed the Buckskin address. In December, 1987, petitioners moved to 8926 Bolsa Avenue, Westminster, California (the Bolsa address). When petitioners moved to the Bolsa address, they left a forwarding notice with the U.S. Post Office. As indicated above, respondent mailed the notice of deficiency to petitioners by certified mail to the Buckskin address on July 1, 1988. The notice was issued by the Appeals Division of the Laguna Niguel District Office. The deficiency notice was returned by the post office marked "undeliverable as addressed." Affixed to the face of the returned envelope was a post office label showing the Bolsa address. Respondent did not reissue (remail) the deficiency notice to the Bolsa address, but placed the returned deficiency notice in the administrative file. Thus, petitioners did not have actual notice of the notice of deficiency in order to timely file the petition. Petitioners were audited for the taxable year 1984 by the *223 Examination Division of the Laguna Niguel District. A letter signed by the group manager was sent to petitioners' Bolsa address on April 27, 1988. The Bolsa address was handwritten thereon, presumably by the tax auditor or the group manager. One stipulated joint exhibit is a declaration of Dorothea T. Curran, an employee of the Examination Division of respondent's Laguna Niguel District Office. Included in that declaration is the following paragraph: The practice of the Internal Revenue Service is for the auditor to request a current address for the taxpayer during the initial examination interview. The auditor would use the address for his or her purposes, but the computer system is not updated with the new address until the case is closed in the processing unit. Until this happens, the new address is not accessible to anyone other than the examiner working on the case. Depending on how long the examination takes and whether a statutory notice of deficiency is required, this could take a year or more. In the case of Mr. and Mrs. Shapiro, the 1982 statutory notice of deficiency was sent to the latest address on the I.R.S. computer system, which would have been the address *224 shown on their last filed return since the 1984 examination had not yet closed, and the new address information would not have been updated on the computer system.
The letter of April 27, 1988, the declaration of Ms. Curran, and correspondence from respondent to petitioners to the Bolsa address after the mailing of the notice of deficiency convince us that petitioners had given the tax auditor clear notice of the Bolsa address as a permanent change of address prior to April 27, 1988. On May 9, 1988, the District Director in Holtsville, New York sent to petitioner Mitchell Shapiro a Notice of Beginning of Administrative Proceedings (NBAP). That notice was sent to the Bolsa address. A declaration made by an employee of the Brookhaven service center in Holtsville, New York, stipulated by the parties as a joint exhibit, states that "master file information is not changed to reflect any change in an address when NBAP's are mailed." A notice of deficiency will be valid if respondent sends it to the taxpayer's last known address. Section 6212(a) and (b). , affg. . The *225 phrase "last known address" is not defined by the Code or regulations. In construing that phrase, this and other courts have focused on the Commissioner's knowledge, rather than on what in fact may have been the taxpayer's actual address. ; . Generally, a taxpayer's "last known address" is the address to which, in light of all the surrounding facts and circumstances, respondent reasonably believes the taxpayer wishes the notice of deficiency to be sent. . In , we held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change of address. The taxpayer has the burden of providing respondent with clear and concise notice of his new address. . Clear and concise notice is notice by which the taxpayer indicates to the Internal Revenue Service that he wishes the new address to replace all *226 old addresses on all subsequent communications. , citing . When the notice of deficiency was issued to petitioners for the taxable year 1982, their most recently filed return was the 1986 return which showed the Buckskin address.[2] Therefore, unless we find that petitioners gave clear and concise notification to respondent of a different address prior to the date on which respondent mailed the notice of deficiency, we must find that the Buckskin address was petitioners' last known address. Petitioners point to the correspondence used by the tax auditor auditing the 1984 return as evidence that they had notified respondent of a new address. In , we held that notification of a new address to agents within the same district office of respondent was sufficient to apprise respondent, and that respondent, by ignoring such notification, had not exercised due diligence in ascertaining the taxpayer's last known address. See also . *227 In this case, there was an ongoing examination of a tax return of petitioners by an agent of respondent in the same district from which the notice of deficiency was sent, and that agent received notification of a new address. Weinroth reflects that knowledge of other agents in the same district of a new address is sufficient to impart that knowledge to respondent. See also . It is not sufficient for respondent to merely allege that his procedure is not to update his data bank with a new subsequently ascertained "last known address" until such time as the examination is closed (which may take a year or more). Our concern here is with petitioners' notification to respondent institutionally. When a taxpayer gives respondent clear and concise notification of a new address, the taxpayer should be satisfied that such notification is to respondent as an institution, and not just *228 to an individual agent. Accordingly, we hold that respondent, through the audit of the 1984 return did receive timely, clear, and concise notification of petitioners' Bolsa address, and that the notice of deficiency was not mailed to petitioners' last known address. The notice of deficiency was invalid, and this case will be dismissed for want of jurisdiction. [3]
An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners' 1987 return was filed with respondent subsequent to July 1, 1988.↩
3. In view of this disposition, we need not consider petitioners' request that we certify an adverse order for immediate appeal.↩